Drake, Ch. J.,
dissenting:
I do not concur with the majority of the court in rendering a judgment in favor of the claimant on the ground of the detention of his trains for want of an escort. For the following rea *367 sons it seems to me that that claim is destitute of any just foundation:
1. The letter of the claimant to General Palmer, dated February 25, requesting that an escort might be in readiness by the 28th of that month, ceased to liave any effect as an application under the contract for' an escort when the weather was such for more than a month, after the 28th, that his ox-teams could not possibly have moved and were compelled to, remain at Fort Laramie. If, after the weather became such that those trains could proceed, the claimant wanted an escort, he should have renewed his request for one. He did not do so, but proceeded without an escort; and, in doing so, he took upon himself the whole responsibility.
2. But there is a much stronger reason against his right to a recovery here. His contract was to deliver the 5,000 bushels of corn at Fort Phil Kearney on or before the 15th of March, and he did not move his ox-trains from Fort Laramie until the 6th of April, twenty-two days after that on which his contract was to have been fully performed. Starting at that time, he had .. no right to demand an escort, for the period limited by himself for the fulfillment of his engagement had expired. If he was entitled to an escort then, he would have been equally entitled to it six or twelve months afterward. No principle is more sound or better settled than that he who has failed to fulfill his part of a contract cannot demand performance of the contract by the other party thereto.